# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**MR. KELVIN EARL LITTLE,**

    Petitioner,

v.                                                   **Civil Action No. 5:21-CV-80**
                                                              Judge Bailey

**WARDEN HUDGENSON,**

    Respondent.

## REPORT AND RECOMMENDATION

The petitioner is a federal inmate, currently incarcerated at USP Hazelton in Bruceton Mills, West Virginia. On May 28, 2021, the petitioner filed this habeas petition pursuant to 28 U.S.C. § 2241 challenging the credit he has been awarded against his sentence.

## I. Background[1]

A one count Indictment was returned against the petitioner on July 18, 2019, in the Eastern District of North Carolina charging the petitioner with being a felon in possession of a firearm in violation of 28 U.S.C. §§ 922(g)(1) and 924. On February 21, 2020, an application for Writ of Habeas Corpus Ad Prosequendum was issued and directed to Harnett Correctional Institution in Lillington, North Carolina. On February 24, 2020, an Order of Temporary Detention was entered. On February 26, 2020, the petitioner signed

---

[1]The information in this section is taken from the petitioner's criminal docket. See United States v. Little, 4:19-CR042 (EDNC);. Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. V. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.").

a Waiver of Detention Hearing, and on February 28, 2020, the petitioner was remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. On May 22, 2020, another Writ of Habeas Corpus Ad Prosequendum was issued and directed to the Harnett Correctional Center. On May 27, 2020, the petitioner was arraigned, found competent and entered a plea of guilty to Count One.  The petitioner's sentencing hearing was conducted on October 28, 2020. Judgment was entered that same date committing the petitioner to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 78 months to be followed by three years of supervised release.  The Judgment also indicated that the petitioner should receive credit for time served in federal custody.

On March 25, 2021, the petitioner filed a motion with the sentencing court seeking prior custody credit towards his federal sentence for time he served in state prison. On June 3, 2021, the sentencing court denied the motion without prejudice after finding that the petitioner was requesting relief in relation to the execution of his sentence by the BOP for credit for time he served in state custody between January 2019 and September 2020. The court noted that to obtain the requested modification from the BOP, the petitioner would have to bring a § 2241 petition in the district of his confinement.

## II. The Petition

The petition tracks the Motion the petitioner filed with the sentencing court.[2]  More

---

[2] The petition was signed on May 25, 2021, seven days after the United States filed its response in opposition to the petitioner's motion in the sentencing court.  The undersigned assumes that the response, which argued that the petitioner was challenging the execution of his sentence, and therefore, must pursue relief in a § 2241

2

specifically, the petitioner alleges that he had been in custody for 21 months before he was actually sentenced but was not provided credit towards the same. The petitioner specifically acknowledges that he did not address this issue in the prison's internal grievance procedure nor did he present the claim to the BOP or other federal agency for administrative action. By way of explanation, the petitioner indicates he didn't know about "federal remedies." For relief, he asks to be given credit for the 21 months he spent in custody before his sentencing date because he was neither released nor given credit for time he was detained.

### III.   Analysis

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute.   Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004) (same).  Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)).  Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile.  See id. at *5-*7.

---

petition, prompted the filing with this court.

3

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

In this case, the petitioner clearly has not exhausted his administrative remedies. In addition, he does not argue that doing so would be futile. Instead, the petitioner merely indicates that he didn't know about administrative remedies. However, the exhaustion of administrative remedies would clearly be appropriate in this instance given that the BOP is charged with the responsibility of sentence computation and has expertise in this area. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). Moreover, the record now before this Court is devoid of the necessary facts by which this Court needs to accurately assess the legitimacy of the petitioner's claims. By requiring the petitioner to attempt resolution of his claim within the

Bureau's administrative remedy process, the Court would be promoting many of the policies which underlie the exhaustion principle. For example, the administrative remedy process could develop the necessary factual background upon which the petitioner's claim is based, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid the deliberate flouting of the administrative process.

### IV.  Recommendation

For the foregoing reasons, the undersigned recommends that: (1) the petitioner's Motion for Leave to Proceed *in forma pauperis* **[Doc. 2] be DENIED and the fee waived** and (2) this matter be **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

Within fourteen days after service of this Report and Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: June 7, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE