IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MR. KELVIN EARL LITTLE,**

        Petitioner,

v.                                    **CIVIL ACTION No. 5:21-CV-80**
                                          Judge Bailey

**WARDEN HUDGENSON,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on June 7, 2021, wherein he recommends that this case be dismissed without prejudice for the failure to exhaust administrative remedies pursuant to *Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998), and that petitioner's Motion to Proceed *in forma* pauperis [Doc. 2] be denied. For the reasons that follow, this Court will adopt the R&R.

## BACKGROUND [1]

A one count Indictment was returned against the petitioner on July 18, 2019, in the Eastern District of North Carolina charging the petitioner with being a felon in possession

---

[1] The information in this section is taken from the petitioner's criminal docket. *See*, United States v. Little, 4:19-CR042 (EDNC).

1

of a firearm in violation of 28 U.S.C. §§ 922(g)(1) and 924. On May 27, 2020, the petitioner was arraigned, found competent and entered a plea of guilty to Count 1. On October 28, 2020, the petitioner was sentenced to a total term of 78 months followed by three years of supervised release. The Judgment also indicated that the petitioner should receive credit for time served in federal custody. On March 25, 2021 the petitioner filed a motion with the sentencing court seeking prior custody credit towards his federal sentence for time he served in state prison. On June 3, 2021, the sentencing court denied the motion without prejudice after finding that the petitioner was requesting relief in relation to the execution of his sentence by the Federal Bureau of Prisons for credit for time he served in state custody between January 2019 and September 2020. The court noted that to obtain the requested modification from the Federal Bureau of Prisons, the petitioner would have to bring a § 2241 petition in the district of his confinement.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections [Doc. 9] on June 16, 2021. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## DISCUSSION

### I. Objections to R&R

In the R&R, Magistrate Judge Mazzone found that this case should be dismissed without prejudice for the failure to exhaust administrative remedies pursuant to ***Alexander v. Hawk***, 159 F.3d 1321, 1327-28 (11th Cir. 1998). Magistrate Judge Mazzone found that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the

3

efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid thepossibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" *Id*. at 1327 (citation omitted); see [Doc. 6 at 4]. Additionally, Magistrate Judge Mazzone found that the petitioner has not exhausted his administrative remedies. The exhaustion of administrative remedies would clearly be appropriate in this instance given that the BOP is charged with the responsibility of sentence computation and has expertise in this area. See *United States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351 (1992) (the Attorney General, through the BOP, has the responsibility for administering federal sentences); *United States v. Lucas*, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General).

The petitioner filed his objections [Doc. 9] to the R&R on June 16, 2021. Therein, petitioner asserts six objections to the R&R. The first objection asserts that the petitioner was incarcerated "on the 18th day of July 2019 waiting for the offenses of Felon in possession of a firearm." See [Doc. 9 at 2]. The second objection asserts that "This Honorable Court recognized that the petitioner, Little spent 21 months in detention before he was actually sentenced and did not receive credit..." See [Id.]. The third objection asserts that on the 28th day of October 2020, the petitioner was sentenced to a term of 78 months incarceration and the judgment indicated that the petitioner should have received credit for time served in federal custody. [Id.]. The fourth objection asserts that since the court acknowledged that the petitioner should have been given credit for time spent that

4

it did not require any form of exhausting administrative remedy procedures. [Id.]. The fifth and sixth objection use *Porter v. Nussle*, 534 U.S. 516, 532 (2002) to explain the term of "prison conditions" and that the petitioner's issue has nothing to do with "prison conditions" [Id. at 3]. Mere conclusory assertions absent argument do not constitute a cognizable objection to which *de novo* review is required. This Court does not find the petitioner's objections persuasive and, upon *de novo* review, finds that the Magistrate Judge reached the correct decision.

## CONCLUSION

A *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 6**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report, and this case is **DISMISSED**. The petitioner's objections [**Doc. 9**] are hereby **OVERRULED**. Furthermore, petitioner's motion to proceed *in forma* pauperis [**Doc. 2**] is **DENIED AND THE FEE BE WAIVED**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

DATED: July 28, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**

5